UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| TAMMY BEAUDREAULT, as administrator of the TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 09-65 S |
| v. | ) ) | |
| ADF, Inc. and ADLA, LLC., | ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendants' Motion to Vacate an Entry of Default resulting from their failure to appropriately respond to Plaintiff's complaint. Defendants twice attempted to file an answer without representation by counsel, and much to their chagrin had their documents refused and returned both times by Magistrate Judge Almond pursuant to Local Rule Gen. 205(a)(3), which prohibits a corporation from appearing before the Court pro se. Having received no responsive pleading, Plaintiff availed herself of Fed. R. Civ. P. 55(a) and moved for entry of default, which the Clerk subsequently entered.

Defendants urge this Court to vacate the Clerk's entry of default, accept their answer, and allow them to appear pro se because they do not have funds available to retain legal counsel.

In other words, Defendants are asking this Court to create an "indigent corporation" exception to Local Rule Gen. 205(a)(3) allowing corporations unable to afford legal counsel to represent themselves.

The rule succinctly states "[a] corporation, partnership, association or other entity may not appear pro se." Local Rule Gen. 205(a)(3). This formulation reflects the ancient common law tradition related by former Chief Justice John Marshall in Osborne v. Bank of the United States: "A corporation . . . can appear only by attorney." 22 U.S. 738, 830 (1824). The precedent applying this rule is voluminous. See, e.g., Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.), 585 F.2d 7 (1st Cir. 1978) (cert. denied); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426 (2d. Cir. 1967); Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962); Commercial & R.R. Bank of Vicksburg v. Slocomb, Richard & Co., 39 U.S. 60 (1840).

In Las Colinas, the First Circuit held that the rule "is based not just on a tradition that goes back to the common law, but also on the practical consideration that since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control." 585 F.2d at 11 (citation omitted). The Court expressly refused to create an exception for the corporation based upon its alleged inability to pay for

2

representation; further, it stated that any previous suggestion of an exception for a layman with an extraordinary legal ability had been "severely eroded." Id. at 11-12. Ultimately, the court concluded that the prohibition against corporate pro se appearances violated neither anti-trust laws nor the United States Constitution. Id. at 12-13.

Other prudential considerations for the corporate pro se prohibition include the fact that a state has no significant interest in extending the right of self-representation to an artificial legal entity; representation by unskilled persons usually leads to delay and confusion; and that pro se representation would blur the line between the corporation and its shareholders.[1]

Defendants cite no cases, and this Court has found none, where a court has created a per se exception to a similar rule based solely on a corporation's inability to pay for legal representation, and the circumstances here are unlike those found in cases where narrow exceptions were granted. See Instituto de Educacion Universal Corp. v. United States Dep't of Ed., 209 F.3d 18, 18 (1st Cir. 2000); Margaret Maunder Assocs., Inc. v. A-Copy,

---

[1] For provocative arguments in favor of allowing corporations to appear pro se, see Robert Laurence, Swimming Upstream: A Final Attempt at Persuasion on the Issue of Corporate Pro Se Representation in Arkansas State Court, 54 Ark. L. Rev. 475 (2001); Grace M. Giesel, Corporations Practicing Law Through Lawyers: Why the Unauthorized Practice of Law Doctrine Should Not Apply, 65 Mo. L. Rev. 151 (2000).

Inc., 499 A.2d 1172, 1174 (Conn. 1985). In Instituto de Educacion, the Court ruled that a corporate officer may sign and file a notice of appeal on behalf of a corporation. 209 F.3d at 22. This narrow exception was warranted because appeal periods are notoriously brief, and a corporation could easily be left powerless to effect an appeal. Id. "While it is true that a non-lawyer may not represent a corporation in ongoing proceedings, we believe that a valid distinction can be drawn between ongoing legal representation and the essentially ministerial action involved in the filing of a notice of appeal . . . as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal." Id. (citation omitted). Here, no such exigency exists, thus there is little or no basis for the creation of a similar exception. See Las Colinas, 585 F.2d at 11; see also Margaret, 499 A.2d at 1174 (granting an exception where the matter was transferred on a motion by opposing counsel from a division allowing a corporation to appear pro se to a division that prohibited such an appearance).

The policy underlying Local Rule Gen. 205(a)(3) is deeply entrenched in both legal theory and precedent. Despite facing these significant hurdles, Defendants provide no support with which to overleap them besides the facts of their own case. Although the circumstances are regrettable and the appearance of justice may be strained in such summary dispositions, the facts here simply do not present either the kind of time-sensitive, ministerial legal action

4

as in <u>Instituto de Educacion</u>, or the equal protection problem found in <u>Margaret</u>.  Therefore, this Court declines to create an exception to Local Rule Gen. 205(a)(3), and Defendants' Motion to Vacate the Clerk's Entry of Default is DENIED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
United States District Judge
Date: 7/15/09